UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BARBARA A. HAASE,

                Plaintiff,

    v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant.

CASE NO. C17-5194-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

    Plaintiff Barbara A. Haase proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

    Plaintiff was born on XXXX, 1962.[1] She has a ninth-grade education, and has worked as a hotel housekeeper, medication technician, cannery worker, and animal caretaker. (AR 66, 75.)

    Plaintiff protectively applied for SSI and DIB in June 2013. (AR 181-93, 220.) Those applications were denied and Plaintiff timely requested a hearing. (AR 125-28, 131-44.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

On October 29, 2014, ALJ Kelly Wilson held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 44-78.) On June 25, 2015, the ALJ issued a decision finding Plaintiff not disabled. (AR 28-38.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on October 14, 2016 (AR 6-11), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since December 15, 2011, the alleged onset date. (AR 30.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's degenerative disc disease of the lumbar spine. (AR 30-31.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairment did not meet or equal the criteria of a listed impairment. (AR 31.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), with additional limitations. She can stand/walk for four hours in an eight-hour workday. She can frequently kneel, crouch, and crawl, and occasionally balance, stoop, and climb ramps and stairs. She cannot climb

ladders, ropes, or scaffolds. She must avoid concentrated exposure to vibration and hazards. (AR 31.) With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. (AR 36.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to the representative occupations of small products assembler, office helper, and mail clerk.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting her subjective testimony; (2) assessing medical opinions; and (3) failing to provide the VE with the questions she submitted in response to the ALJ's vocational interrogatory.[2] The Commissioner argues that the ALJ's decision is

---

[2] Plaintiff's opening brief lists a challenge to the ALJ's assessment of lay evidence on the first page (Dkt. 12 at 1), but there is no discussion of this issue anywhere else in the brief. As noted by the Commissioner, there is also no lay evidence in the record, beyond the "other" source opinions challenged in the section addressing the medical evidence. Plaintiff did not revisit this issue in the reply brief. Dkt. 14.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

supported by substantial evidence and should be affirmed.

## Plaintiff's subjective testimony

The ALJ summarized Plaintiff's subjective testimony and explained that she discounted it because (1) the medical evidence does not corroborate Plaintiff's allegations of disabling limitations; (2) Plaintiff received minimal and conservative treatment for her allegedly disabling condition; (3) Plaintiff has not complied with all treatment recommendations; (4) Plaintiff's activities demonstrate that she can perform light work; (5) Plaintiff stopped working for reasons unrelated to her impairments; and (6) Plaintiff reported symptoms at the hearing that she had not reported to providers, and specifically denied during a consultative examination. (AR 33-35.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). The Court will address each of the ALJ's reasons in turn.

A.  Medical evidence

Plaintiff challenges the ALJ's findings regarding the medical evidence on the grounds that the ALJ cited only normal objective findings, but overlooked abnormal findings. Dkt. 12 at 9. Plaintiff is mistaken. The ALJ's decision does refer to abnormal objective findings, but finds that they were "fairly benign" and therefore inconsistent with allegations of disabling limitations. (AR 34 (referencing some limitations in range of motion (AR 307).) Plaintiff emphasizes abnormal findings included in her one physical therapy note of record (AR 369-73), but subsequent treatment records discussed by the ALJ demonstrate mostly normal findings. (AR 32-33.) Plaintiff has not

---

The opening brief also challenges the ALJ's RFC assessment and step-five findings, but in doing so only reiterates arguments made elsewhere. Dkt. 12 at 15-16. Accordingly, these issues will not be analyzed separately.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

shown that the ALJ cherry-picked evidence in an effort to portray her as less limited. The ALJ did not err in considering the extent to which the medical evidence supported Plaintiff's allegations. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

B.    <u>Minimal, conservative treatment</u>

Plaintiff argues that the ALJ erred in finding that her minimal treatment undermined her subjective testimony, because the reason she had such limited treatment was due to her inability to afford it, and it is not clear that she understood how to apply for insurance under the Affordable Care Act (ACA) or how to obtain treatment at free or low-cost clinics. Dkt. 12 at 9-11. Plaintiff cites no evidence in the record that she did not understand how to obtain ACA insurance or treatment; an attorney's argument in a brief is not evidence. The ALJ asked Plaintiff about whether she had tried to apply for ACA insurance at the hearing or visited any free clinics, and Plaintiff did not testify that she did not understand how to do this; instead, she explained that she had insurance through a state program. (AR 55-56.) The ALJ reasonably inferred that Plaintiff's failure to pursue more comprehensive insurance or treatment undermined her allegations of disabling limitations. *See Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (rejecting subjective pain complaints where petitioner's "claim that she experienced pain approaching the highest level imaginable was inconsistent with the 'minimal, conservative treatment' that she received").

Plaintiff also questions whether her treatment was actually conservative, as found by the ALJ. She notes that she received one injection. Dkt. 12 at 10. The ALJ noted this injection (AR 33-34), however, and it is not unreasonable to characterize this limited treatment as "conservative."

Plaintiff also contends that the ALJ inaccurately stated that she did not use prescription medication (AR 34), when in fact she used Flexeril. Dkt. 12 at 10. But Plaintiff testified that she used Flexeril for muscle spasms, and that she takes that medication sparingly (AR 59-61); the ALJ discussed the lack of prescription medication when addressing Plaintiff's pain. (AR 34.) Plaintiff's treatment notes indicate that she relied on over-the-counter medications to manage her pain. (*See, e.g.*, AR 305, 328, 369.) The ALJ reasonably interpreted the evidence related to Plaintiff's use of medication, to find that her treatment was minimal or conservative in that regard, and properly discounted Plaintiff's testimony on this basis.

C. <u>Failure to comply with treatment</u>

The ALJ noted that Plaintiff failed to follow through with treatment recommendations to continue with physical therapy. (AR 34.) Plaintiff argues that she discontinued physical therapy because it caused her pain (Dkt. 12 at 11), but her providers nonetheless suggested that she continue with it. (*See* AR 341-42.) The ALJ did not err in considering Plaintiff's compliance with treatment recommendations, when assessing her subjective testimony. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (holding that the ALJ permissibly inferred that the claimant's pain was not as disabling as alleged "in light of the fact that he did not seek an aggressive treatment program and did not seek an alternative or more-tailored treatment program after he stopped taking an effective medication due to mild side effects").

D. <u>Work history</u>

The ALJ found that Plaintiff stopped working because she needed to take care of ailing family members, which suggests that her unemployment is caused by reasons other than her impairments. (AR 35.) Plaintiff argues that her caretaking duties do not demonstrate an ability to perform full-time work (Dkt. 12 at 12), but Plaintiff misses the ALJ's point. The ALJ emphasized

1  that Plaintiff stopped working for reasons other than her impairments, which contradicts an underlying premise of the disability program. *See* Social Security Ruling (SSR) 82-61, 1982 WL 31387, at *1 (Jan. 1, 1982) ("A basic program principle is that a claimant's impairment must be the primary reason for his or her inability to engage in substantial gainful work."). This rationale is a clear and convincing reason to discount Plaintiff's subjective testimony.

E. <u>Inconsistent symptom reporting</u>

The ALJ noted that Plaintiff testified about some urinary symptoms at the hearing, but had never reported them to her providers and specifically denied urinary issues at her consultative examination two months after the hearing. (*See* AR 48, 347.)

Plaintiff argues that the ALJ should not have relied on this discrepancy in the record, because the ALJ did not ask Plaintiff why she failed to report urinary symptoms to the consultative examiner. Dkt. 12 at 12. But the consultative examination occurred after the hearing, so the ALJ could not have asked Plaintiff about it at the hearing.

The ALJ did not err in considering the extent to which Plaintiff consistently reported symptoms to her providers, when assessing her subjective symptom testimony. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (ALJ may consider a claimant's inconsistent or non-existent reporting of symptoms).

F. <u>Daily activities</u>

The ALJ found that Plaintiff's activities demonstrate that she can perform light work, but did not point out any inconsistencies between her activities and her allegations, or make findings regarding the transferable work skills demonstrated by her activities. (AR 34-35.) The ALJ therefore erred in relying on Plaintiff's activities in discounting her subjective testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1)

contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

This error is harmless, however, in light of the ALJ's many other clear and convincing reasons to discount Plaintiff's subjective testimony. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Medical opinion evidence

Plaintiff contends that the ALJ erred in assessing the medical evidence in various ways.

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

The Court will address each disputed opinion in turn.

A. <u>Rashpal Raj, PA-C</u>

Mr. Raj examined Plaintiff for a DSHS benefits review in August 2013, and summarized her functional limitations, which he expected to last for six months. (AR 303-07.) He opined that

Plaintiff could lift/carry 20 pounds occasionally, and 10 pounds frequently. (AR 303.) He stated that Plaintiff could stand for two hours out of an eight-hour workday. (*Id*.)

The ALJ summarized Mr. Raj's opinion and explained that she gave little weight to it because Mr. Raj had no treatment relationship with Plaintiff at the time of the opinion and was not an acceptable medical source. (AR 35-36.) The ALJ also noted that Mr. Raj's opinion was of limited duration, and was inconsistent with the normal objective findings he noted on examination. (AR 36.)

Most of these reasons are legitimate. The depth of a source's relationship with a claimant is an appropriate factor to consider when weighing that source's opinion. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The duration of the opinion is also relevant, in light of the durational component to the definition of disability. *See* 42 U.S.C. § 423 (d)(1)(A) (disability means "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months"). Mr. Raj's status as a non-acceptable medical source is also a relevant factor, particularly because another examination was performed by a medical doctor, and the ALJ explained that his opinion was more persuasive. (AR 36.) The ALJ did not cite any medical findings actually inconsistent with any of Mr. Raj's conclusions, but this error is harmless in light of the other valid reasons to discount Mr. Raj's opinion.

B.  Derek Leinenbach, M.D.

Dr. Leinenbach examined Plaintiff in January 2015, and concluded that *inter alia* she could stand/walk for 1-2 hours at a time, totaling four hours out of an eight-hour workday. (AR 350.) He opined that Plaintiff could sit for 1-2 hours at a time, totaling six hours out of an eight-hour workday. (*Id*.) The ALJ gave significant weight to Dr. Leinenbach's opinion, finding it consistent

with the objective evidence, the minimal treatment record, and Plaintiff's activities. (AR 35.)

Plaintiff argues that Dr. Leinenbach's opinion is in fact inconsistent with the objective evidence, but does not explain how. Dkt. 12 at 7. This bald assertion is insufficient to show that the ALJ's interpretation is unreasonable.

Plaintiff also argues that Dr. Leinenbach's opinion does not account for all of her subjective allegations (Dkt. 12 at 7), but the ALJ did not state that it did, and the ALJ properly discounted Plaintiff's subjective allegations. Thus, Plaintiff has not shown error in the ALJ's decision by contending that Dr. Leinenbach's opinion does not account for her subjective statements.

And in any event, an ALJ is not required to give reasons to give significant weight to an opinion; the ALJ must explain why an opinion is *rejected*. *See* SSR 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). Thus, Plaintiff's arguments challenging the ALJ's reasons to credit Dr. Leinenbach's opinion do not show error in the ALJ's decision. Dkt. 12 at 7-8.

C.  State agency opinions

Plaintiff argues that the ALJ erred in giving significant weight to a State agency medical consultant's opinion regarding her limitations, because his opinion was rendered in 2013 and is not entirely consistent with the remainder of the record. Dkt. 12 at 8.

Plaintiff's arguments are not persuasive. The ALJ explained that she gave more weight to Dr. Leinenbach's opinion than the State agency opinion, because Dr. Leinenbach's opinion was rendered in 2015, "contemporaneous to the hearing." (AR 35.) Furthermore, Mr. Raj's contrary opinion cited by Plaintiff was properly discounted by the ALJ, as explained *supra*. Plaintiff has not established error in the ALJ's assessment of the State agency opinion.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 10

D.   Miscellaneous evidence

Plaintiff argues that the ALJ erred in failing to acknowledge various pieces of evidence. Dkt. 12 at 5-6. The ALJ need not discuss every piece of evidence, however, but must explicitly explain only why significant, probative evidence is rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). The ALJ's decision contains a thorough summary of the medical evidence. That the ALJ did not interpret the findings in the same way that Plaintiff does is not evidence of error, because Plaintiff has not shown that the ALJ's interpretation of the evidence is unreasonable. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) ("Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld. In reaching his findings, the law judge is entitled to draw inferences logically flowing from the evidence.").

## VE interrogatory

The ALJ submitted an interrogatory to the VE after the hearing, and notified Plaintiff of the VE's responses. (*See* 275-81.) Plaintiff submitted a *pro se* response to the VE's response, and asked that her response be given to the VE. (AR 284-86.) Plaintiff's response suggests various additions to the RFC/VE hypothetical, based on her symptoms. (*Id.*) Plaintiff argues that the ALJ violated her duty to fully develop the record by not giving her response to the VE. Dkt. 12 at 16.

The ALJ explained in her decision that she found Plaintiff's VE response to be "misdirected," because the VE was not responsible for determining her RFC. (AR 38.) The ALJ is tasked with this responsibility, and she properly explained why she discounted Plaintiff's symptom testimony. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996). Plaintiff has cited no authority requiring an ALJ to submit her responses to the VE, and the Court is aware of none. Instead, agency guidance makes clear that the ALJ determines whether a claimant's questions to a VE are

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 11

appropriate. *See* Hearings, Appeals and Litigation Law Manual I-2-6-74 (C). Accordingly, Plaintiff has not shown that the ALJ failed to develop the record.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 2nd day of November, 2017.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 12